# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS NATHANIEL BLAKE, SR, | DOCKET NUMBER |
| Appellant, | PH-315H-19-0291-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE, | DATE: July 1, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas Nathaniel Blake, Sr., Indian Head, Maryland, pro se.

Dora Malykin, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On December 9, 2018, the appellant received a term appointment in the competitive service, not to exceed December 8, 2019, to a GS-12 Auditor position. Initial Appeal File (IAF), Tab 1 at 7. This appointment was subject to a 1-year probationary period. *Id.* at 6-7. Effective April 26, 2019, before the end of his probationary period, the agency terminated the appellant based on post-appointment conduct-related issues. IAF, Tab 4 at 8-11. The appellant filed this appeal of his termination to the Board, requesting a hearing. IAF, Tab 1.

The administrative judge issued an acknowledgment order, informing the appellant that the Board may not have jurisdiction over his appeal and advising him of his jurisdictional burden. IAF, Tab 2 at 2-5. The administrative judge advised the appellant that he was entitled to the hearing that he requested if he made a nonfrivolous allegation that he was an "employee" within the meaning of chapter 75 or that his termination was based on partisan political reasons or marital status. *Id.* The appellant did not respond. The agency filed a motion to dismiss. IAF, Tab 4 at 4-5.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID) at 1, 4. He observed that the appellant did not argue that his termination was based on partisan political reasons or marital status. ID at 3-4. He found that, as a probationary employee, the appellant has neither a statutory nor a regulatory right of appeal to the Board. ID at 4.

In his petition for review, the appellant asserts that he did not respond to the jurisdictional order and motion to dismiss because he was unable to access the Board's e-Appeal system. Petition for Review (PFR) File, Tab 2 at 1. He argues that he was discriminated against because he was unmarried, African American, and male, and retaliated against for equal employment opportunity (EEO) activity and based on a short-term medical condition. *Id.* at 2-4. He also argues the merits of his termination. *Id.* at 2-3.[2] The agency has responded to the appellant's petition, PFR File, Tab 4, and the appellant has replied to the response, PFR File, Tab 6.

## ANALYSIS

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant bears the burden of proving Board jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). A probationary employee in the competitive service who has not completed 1 year of current continuous service has no statutory right of appeal to the Board. *See*

---

[2] The appellant attaches a number of documents to his petition for review, including copies of many certificates of completion for courses related to his position, PFR File, Tab 2 at 6-30, a copy of the agency's desk review program, *id.* at 31-35, medical evidence including evidence that he was under a doctor's care from March 14, 2019, through April 9, 2019, *id.* at 36-39, his performance evaluation and performance standards, *id.* at 40-53, a designation of his tour of duty, *id.* at 54, an e-mail denying an allegation that he was sleeping on duty, *id.* at 55-56, and his résumé, *id.* at 57-62. As explained below, none of these submissions are relevant to the dispositive issue of the Board's jurisdiction over this appeal.

5 U.S.C. § 7511(a)(1)(A); *Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 4 (2012). However, a probationary employee in the competitive service may appeal a termination if he alleges that it was based on partisan political reasons or marital status. *Id.*; 5 C.F.R. § 315.806(b).

The appellant's assertion for the first time on review that he was discriminated against because he is unmarried appears to be an assertion that he was discriminated against based on his marital status. PFR File, Tab 1 at 2. We have considered this argument even though it was not raised below because it implicates the Board's jurisdiction, an issue that is always before the Board and may be raised by any party or sua sponte by the Board at any time during a Board proceeding. *See Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

In determining whether an appellant has established jurisdiction under 5 C.F.R. § 315.806(b) because of marital status discrimination, the Board follows a two-step process. *Marynowski*. 118 M.S.P.R. 321, ¶ 5. First, the appellant must make nonfrivolous claims of jurisdiction, i.e., factual allegations that, if proven, would establish that his termination was based on marital status. *Id.* An appellant who makes such nonfrivolous claims is entitled to a jurisdictional hearing at which he must then prove the basis for jurisdiction, i.e., that his termination was based on marital status, by a preponderance of the evidence. *Id.* The appellant has failed to establish step one in that process. To make a nonfrivolous allegation of marital status discrimination, an appellant must allege facts which, taken as true, would show he was treated differently because of his marital status or facts that go to the essence of his status as married, single, or divorced. *Id.* Here, the appellant infers discriminatory intent from his status as "the sole male, black, single auditor in a primary white, female, married personnel group." PFR File, Tab 2 at 2. He does not claim he was terminated because he was single. Rather, he alleges that because he was, as relevant here, single, he was "terminated . . . without notice (oral or written) or cause." *Id.*

Thus, he alleges no facts that, if true, would suggest his termination resulted from his unmarried status or go to the essence of that status.

To the extent that the appellant's allegations that he was discriminated against based on being African American, male, and having a short-term medical condition constitute allegations of discrimination on the bases of race, sex, and disability, or reprisal for EEO activity, the allegations provide no basis for jurisdiction over his appeal absent an otherwise appealable issue. The appellant's discrimination and EEO reprisal claims are not an independent source of Board jurisdiction. *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012). Finally, to the extent that the appellant is arguing that the agency's termination action was improper on the merits, the Board is precluded from reviewing the merits of the agency's action in the appeal of the termination of a probationary employee. 5 C.F.R. § 315.806(a).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.